IN THE MATTER OF THE NEW YORK AND WESTERN UNION TELEGRAPH COMPANY, APPELLANT, *v.* HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAILWAY COMPANY, RESPONDENT.

*Proceedings to compel a receiver to pay claims — cease upon the discharge of the receiver — power of the court to vacate an order of discharge.*

This proceeding was begun in February, 1878, to compel the defendant, Jewett, as receiver of the Erie Railway, to pay to the petitioner, from the funds in his hands, a sum alleged to be due as rent for the use of certain portions of a telegraph line. While the proceedings were pending before a referee, and on December 30, 1879, the receiver was discharged.

*Held,* that the moment that the receiver was discharged and relieved from the obligations of his office, all right upon the part of the court to proceed against him upon the application of the claimant summarily ceased, and that he was no longer subject to its jurisdiction, except such jurisdiction as is required in the ordinary methods available to all suitors.

That an objection that this rule, if applied in this case, would work a great hardship, because the petitioner had no notice of the application for the discharge of the receiver, and that it could not now bring an action, because the statute of limitations had attached to the claim, was not insuperable, as the court might, if proper reasons were shown, vacate the order discharging the receiver, and thus reinstate the petitioner to the position it occupied prior to his discharge.

APPEAL from an order made at Special Term, denying the prayer of the petitioner and dismissing the petition upon the merits.

The proceeding was brought to compel Mr. Jewett, as receiver of the Erie Railway, to pay to the petitioner from the funds in his hands as such receiver the sum of $38,250, which they alleged to be due as rent for certain portions of a telegraph line from April 1, 1865, to January 1, 1878. The proceeding was begun in February, 1878. Upon the hearing before the referee it was shown that the receiver had been discharged on December 30th, 1879.

*Ira .D. Warren,* for the appellant.

*W. W. Mac Farland,* for the respondent.

VAN BRUNT, P. J.:

I entirely fail to see how the court has now any power to enter judgment in this (supposed to be) summary proceeding against the receiver, who has been. discharged from his office by the court. It is because a receiver is the servant of the court, and because the funds in his hands and property in his custody are in the possession of the court, that the summary jurisdiction can be exercised. The moment that the receiver is discharged and released from the obligations of his office, all right upon the court to proceed against him, upon the application of any claimant summarily ceases, and he is no longer subject to their jurisdiction, except such jurisdiction is required in the ordinary methods available to all suitors. It is urged that such a rule, if applicable to the case at bar, would work a great hardship because the petitioner had no notice of the application for the discharge of the receiver, and that they cannot now

bring an action because the statute of limitations has attached to their claim. This objection is not by any means insuperable, because if a proper reason is shown the courts may vacate the order discharging the receiver, and thus reinstate the petitioners to the position which they occupied prior to his discharge.

The case of *Woodruff* v. *Jewett* (37 Hun, 205) is no authority opposed to this view. In that case an action had been commenced against a receiver, and before the entry of the judgment the receiver had been discharged. The court held that as a judgment could only bind funds held by the defendant as receiver, a judgment entered could not do any harm, as no claim could be made against him individually thereon. The court had acquired jurisdiction by action, and such jurisdiction did not at all depend upon the fact of his being receiver, an officer of the court, as in the case at bar ; without a vacation of the order discharging the receiver, there seems to be no way by which the petitioners herein can enforce, by these proceedings, any claim they may have.

The learned counsel speaks of getting a judgment in these proceedings, but we have not been referred to any authority or practice which will authorize the entry of a judgment upon proceedings of this description. No relief could be obtained enforceable by an execution as upon a judgment; the only relief would be an order directing the receiver to pay out of the funds in his hands, the authority to make which seems to depend entirely upon the fact that the receiver is but the servant of the court, acting in its stead, and that all the funds and property in the hands of the receiver are in the custody of the court, and the court is administering a trust which has devolved upon it.

For those reasons, I think that the order appealed from must be affirmed, with costs.

LAWRENCE, J., concurred.

Judgment affirmed with costs.